# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

RANDY RINDAHL,

      Plaintiff,

    v.                                       Case No. 11-cv-0304

DENNIS DAUGAARD, et al.,

      Defendants.

---

## ORDER

---

The plaintiff, Randy Rindahl, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights.  The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $16.70.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes.  The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.), and the plaintiff has consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

Nevertheless, venue is improper under 28 U.S.C. § 1391(b), which provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which

a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situation, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

This court meets none of those requirements. The plaintiff is incarcerated at the South Dakota State Penitentiary in the District of South Dakota, and the actions giving rise to the plaintiff's complaint occurred in the District of South Dakota. Additionally, each of the named defendants is identified as an elected official or employee of the State of South Dakota.

In both his complaint and a separate request for change of venue, the plaintiff suggests that an investigation by the "Court of International Trade" precludes venue in the District of South Dakota. However, it is not for this court to decide whether venue is improper in the District of South Dakota. Nor is there any reason given for the plaintiff's choice of the Eastern District of Wisconsin. The court will transfer this case to the United States District Court for the District of South Dakota, which is the proper venue.

NOW, THEREFORE, IT IS ORDERED that this case is transferred to the United States District Court for the District of South Dakota.

IT IS FURTHER ORDERED that the Clerk of Court is directed to transmit the file to the United States District Court for the District of South Dakota.

Dated at Milwaukee, Wisconsin this _15th_ day of June, 2011.

BY THE COURT:

s/ Nancy Joseph
NANCY JOSEPH
United States Magistrate Judge

2