UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RANDY RINDAHL, | ) | Civ. 11-4082 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DENNIS DAUGAARD, Governor, State of | ) | |
| South Dakota; | ) | |
| TIM REISCH, Sec. of Corrections; | ) | |
| D. WEBER, Warden; | ) | |
| DARYL SLOUCHES, Deputy Warden; | ) | |
| O. SURREAL, Assc. Warden; | ) | |
| D. YOUNG, Asst. Warden Annex Prison; | ) | |
| T. PINTO, Assc. Warden; | ) | |
| C. VAN VERNE, Senior Major; | ) | |
| MAJOR T. LINNIWEBER, Security Major; | ) | |
| MAJOR BAKER; | ) | |
| CAPTAIN RODOSKY; | ) | |
| K. DITTMONSON, Section Manager; | ) | ORDER |
| SECTION MANAGER FANTROY; | ) | |
| SGT. FEDT; | ) | |
| SCO WYNIA; | ) | |
| SGT. WYNIA; | ) | |
| SCO DAVIS; | ) | |
| SCO BAHR; | ) | |
| SCO MORLISE; | ) | |
| KAYLA S., coordinator for the South Dakota | ) | |
| DOC within the Sioux Falls Prison System; | ) | |
| SCO PAROLE AGENT McCLOUD; | ) | |
| SECTION MANAGER WOODWARD; | ) | |
| TEACHER ANDERSON, teacher for the | ) | |
| South Dakota DOC Annex Prison Law | ) | |
| Library; | ) | |
| PARALEGAL BIDNE, paralegal for the South | ) | |
| Dakota DOC within Sioux Falls Prison | ) | |
| System; | ) | |
| LARSON, Correctional Personnel; | ) | |
| G. TAYLOR, Section Manager; | ) | |
| K. TINKER, Administrator Programs | ) | |
| Department of Health; and | ) | |
| J. SURREAL, health care manager, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Randy Rindahl, filed a 42 U.S.C. § 1983 action against defendants alleging that defendants caused various harms to him from 2008 to 2010 while he was incarcerated at the South Dakota State Penitentiary (SDSP). Rindahl is still incarcerated at the SDSP. While Rindahl initially filed this action in the Eastern District of Wisconsin, the case was transferred to this court because venue was improper in the Eastern District of Wisconsin but is proper in the District of South Dakota. Docket 16. Rindahl moves for leave to proceed in forma pauperis (IFP). Docket 2. According to 28 U.S.C. § 1915A, the court must screen each prisoner case to determine if it should proceed IFP. The court referred the initial screening to Magistrate Judge John E. Smiko pursuant to 28 U.S.C. § 636(b)(1)(B). Docket 31.

Magistrate Judge Simko recommended that this court dismiss Rindahl's complaint with prejudice because Rindahl is a three-strikes litigant who failed to sufficiently allege an imminent danger of serious harm as required by 28 U.S.C. § 1915(g) and as a Rule 11 sanction for committing fraud on the court. Rindahl objects to the findings in the Report and Recommendation (Docket 56) and the proposed Rule 11 sanctions. Docket 53. Defendants have not objected to the Report and Recommendation or responded to Rindahl's objections.

**STANDARD OF REVIEW**

In considering a magistrate judge's recommendation on a dispositive matter, such as dismissing a complaint, a district court must make a "de novo determination of those portions of the report or specified proposed findings or

2

recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A de novo review requires a district court to make its own determination of any disputed issue. *United States v. Portmann*, 207 F.3d 1032, 1033 (8th Cir. 2000). Additionally, when a party objects to the factual findings of a magistrate judge, the district court must make its own de novo determination of the facts with no deference to the magistrate judge's findings. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court has conducted a de novo review of the record. For the reasons explained below, the court adopts the Report and Recommendation in its entirety.

## DISCUSSION

**I.    IFP Objections**

**A.    Objection Number One**

In objection number one, Rindahl disputes Magistrate Judge Simko's calculation of his strikes pursuant to 28 U.S.C. § 1915. The Prison Litigation Reform Act provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g) (emphasis added). Section 1915(g), commonly referred to as the "three strikes" provision, "does not preclude the inmate from filing additional

actions but does deny him the advantages of proceeding *in forma pauperis.*" *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

"Imminent danger of serious physical injury" requires the prisoner to make specific allegations of an ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Id.* The prisoner must be in imminent danger "**at the time of filing**." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) . . . .").

Rindahl has a substantial litigation history. Magistrate Judge Simko determined that Rindahl has five strikes under § 1915. After reviewing Rindahl's litigation history, the court agrees that Rindahl has **at least** five strikes.

First, in *Rindahl v. Class et al.*, Civ. 95-4207 (D.S.D. 1995), Rindahl alleged that the South Dakota Department of Corrections (DOC) failed to adequately enforce its own policies. The court dismissed that action as frivolous pursuant to § 1915(d), Civ. 95-4207, Dockets 5, 6, which counts as Rindahl's first strike. *See* § 1915(g) (stating that a dismissal as frivolous is a strike). Second, in *Rindahl v. Class et al.*, Civ. 96-4116 (D.S.D. 1996), Rindahl claimed that his conditions in the special housing unit were unacceptable. The court dismissed that action for failure to state a claim upon which relief may be granted pursuant to § 1915(d), Civ. 96-4116, Dockets 5, 6, which is Rindahl's second strike.

4

Third, in *Rindahl v. Class et al.*, Civ. 96-4117, Rindahl claimed that prison officials filed disciplinary reports against him in retaliation for filing a religious rights lawsuit. That action was dismissed for failure to state a claim upon which relief may be granted pursuant to § 1915(d), Civ. 96-4117, Dockets 5, 6, which constitutes Rindahl's third strike. Fourth, in *Rindahl v. Weber et al.*, Civ. 08-4041 (D.S.D. 2008), Rindahl claimed that he was sexually assaulted by a prison guard in 2003 and that prison personnel did not properly investigate the matter. While Rindahl initially proceeded IFP, the case was later dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Civ. 08-4041, Docket 152, and, thus, was Rindahl's fourth strike. The Eighth Circuit summarily affirmed the dismissal. Civ. 08-4041, Docket 246.

Fifth, in *Rindahl v. Reisch*, Civ. 10-4004 (D.S.D. 2010), Rindahl claimed that prison officials were deliberately indifferent to his medical needs. Even though Rindahl was a "three-strike" litigant, the court initially granted Rindahl IFP status. Docket 84 at 1. The court later revoked that IFP status based upon Rindahl's misrepresentations regarding his medical care. The court dismissed that case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Civ. 10-4004, Docket 84, which was Rindahl's fifth strike. The Eighth Circuit denied IFP status on appeal. Civ. 10-4004, Docket 91.

Beyond these five strikes, Rindahl has initiated three other lawsuits in this district that were dismissed because Rindahl failed to prepay the filing fee and failed to allege imminent danger of serious physical harm. *See Rindahl v.*

*Weber*, Civ. 09-4084 (D.S.D. 2009); *Rindahl v. Reisch*, Civ. 09-4085 (D.S.D. 2009); and *Rindahl v. Reisch*, Civ. 10-4156 (D.S.D. 2010). He currently has numerous suits pending in this court. *See Rindahl v. Daugaard et al.*, Civ. 11-4085 (D.S.D. 2011); *Rindahl v. Daugaard et al.*, Civ. 11-4086 (D.S.D. 2011); *Rindahl v. Daugaard et al.*, Civ. 11-4130 (D.S.D. 2011); and *Rindahl v. Daugaard et al.*, Civ. 11-4131 (D.S.D. 2011).

After reviewing the record de novo, the court adopts Magistrate Judge Simko's recommendation that Rindahl has **at least** five strikes for purposes of § 1915(g). Thus, Rindahl's objection number one is overruled.

### B.     Objection Numbers Two, Three, Four, Five, and Six

In his objection numbers two, three, four, five, and six, Rindahl disputes the Report and Recommendation's analysis concerning whether Rindahl can proceed IFP in this action. Magistrate Judge Simko determined that because Rindahl cannot show a threat of imminent physical danger, his complaint should be dismissed.

In order for a three-strikes litigant to proceed IFP, the complaint must do more than make conclusory assertions that plaintiff is in imminent danger of physical harm. *Martin*, 319 F.3d at 1050. Instead, the plaintiff must make specific allegations of an ongoing serious physical injury **or** allege a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Id.* The prisoner must be in imminent danger "**at the time of filing**." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to

§ 1915(g) . . . ."); *see also Martin*, 319 F.3d at 1050 ("[T]he exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct.").

Rindahl's complaint contains 116 separately numbered paragraphs. But all of Rindahl's allegations "rehash" incidents that occurred between 2008 and 2010, during the time that Rindahl was in disciplinary segregation at SDSP. Section 1915(g) prohibits IFP status for an inmate seeking a remedy for past misconduct by prison officials. Because Rindahl has not shown that the conduct he complains about in this action is continuing conduct or creates a risk for future injury, Rindahl has not shown that he is in imminent danger of serious physical injury.

Moreover, Rindahl's claims in this action are substantially similar to his claims in *Rindahl v. Reisch et al.*, Civ. 10-4156 (D.S.D. 2010). *See* Civ. 10-4156, Docket 1 and attachments. This court dismissed that action because the underlying facts had already been litigated in other lawsuits, and Rindahl alleged no facts giving rise to a future injury. Civ. 10-4156, Docket 10. Rindahl does not get endless bites at the same apple; he cannot allege the same claims in this action that the court dismissed in prior actions.

The court need not address Rindahl's detailed arguments about what he alleges occurred between 2008 and 2010 because the claims have already been litigated, and Rindahl has not shown that he is in imminent danger of physical injury as is required under § 1915(g). Accordingly, Rindahl's objection numbers two, three, four, five, and six are overruled.

## II.     Rule 11

In screening Rindahl's complaint, Magistrate Judge Simko suspected that some of Rindahl's exhibits had been forged or altered, specifically exhibits labeled "SDSP-8," "SDSP-Misconduct," and "SDSP-Respiratory." Dockets 37-1, 37-2, 37-3. Among these documents are three pages purportedly signed by Weber on DOC stationery that are responses to Rindahl's administrative remedy requests. Magistrate Judge Simko ordered a show cause hearing, which was held on Tuesday, August 9, 2011, to determine the documents' authenticity. After listening to the testimony from Rindahl, Weber, Mary Lou Burggraaf, and Joseph Haas, and reviewing the evidence, Magistrate Judge Simko determined that the three documents were forged or fraudulent documents and that Rindahl forged them. Magistrate Judge Simko further found that Rindahl knowingly made false representations to the court regarding the three documents in violation of Federal Rules of Civil Procedure 11(b)(1), (3).

### A.     Factual Findings

Rindahl does not object to Magistrate Judge Simko's finding that he committed fraud on the court. *See* Docket 53. But Rindahl does dispute what occurred at the show cause hearing in his briefs in support of his objections. Dockets 54, 55. The court will construe Rindahl's arguments in Dockets 54 and 55 as objections to the Report and Recommendation's Rule 11 analysis. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (reasoning that courts should liberally construe a pro se litigant's filings).

Rindahl argues that Burggraaf, the SDSP West Hall Coordinator and notary, would have confiscated any forged documents as contraband. Because Burggraaf did not confiscate these documents, Rindahl alleges that his exhibits are not forgeries. Rindahl further contends that because Burggraaf notarizes documents for prisoners, her signature ensures the truthfulness of his documents.

A notary's signature does not conclusively prove a document's authenticity or veracity. Instead, the person seeking to have a notary witness him sign a document attests that the document is truthful. Rindahl could have lied to Burggraaf when he asked her to notarize the statements. Furthermore, as explained by Burggraaf at the show cause hearing, she only reads legal mail to determine whether it is contraband; she does not read it for content. Fraudulent legal mail, though reprehensible and sanctionable, is not "contraband" according to the DOC's policies.

Rindahl further contends that "Weber had lied more than once during the questioning," specifically that more than one format exists for a DOC response to an inmate's administrative remedy request. Docket 54 at 2. As Magistrate Judge Simko noted, Weber "acknowledged he does communicate with inmates in other formats, but the administrative remedy response has a standard format." Docket 48 at 11 n.9. Even assuming that more than one form exists which Weber or another prison official could have used to respond to Rindahl's administrative remedy request, Rindahl offers ***no argument*** that he did not forge or otherwise offer false documents.

9

This court has conducted a de novo review of Dockets 37-1, 37-2, and 37-3. These documents are inconsistent in type-font and format with the DOC's usual forms that Weber and other DOC officials use when responding to an inmate's administrative remedy request. *Compare* Dockets 37-1, 3 37-2, 37-3, *with Rindahl v. Reisch et al.*, Civ. 11-4086, Dockets 1-1 at 4, 13, 21 (containing Weber's responses to Rindahl's administrative remedy requests in a companion case).

The type-font in Dockets 37-1, 37-2, and 37-3 matches the distinctive, all capital type-font used in Rindahl's typed pleadings, *see, e.g.*, Dockets 1, 2, 3, 4, and does not conform to the type-font usually used by Weber. *See* Civ. 11-4086, Dockets 1-1 at 4, 13, 21. Dockets 37-1, 37-2, and 37-3 also lack the traditional hallmarks of a DOC administrative remedy response, including a reference number, a reference code, and the names of the individuals who received copies. Furthermore, Dockets 37-1, 37-2, and 37-3 contain spelling errors that are similar to spelling errors in Rindahl's other pleadings; *compare* Docket 1 at ¶ 100 ("When plaintiff has offered no **ressistence** . . . .") *with* Docket 37-2 ("As to the matter of the conduct . . . when offering no form of **ressistence** . . . ."); *compare* Docket 1 at ¶¶ 81, 82 ("When escorting plaintiff to the shower had grabbed at my testicles and **grion** . . . making sexual **justures** towards plaintiff . . . .") *with* Docket 37-1 ("You also stated that he had used threatening sexual **justures** towards you and grabbed at your **grion** . . . ."); *compare* Dockets 37-1, 37-2, 37-3 (containing spelling errors) *with* Civ. 11-4086, Dockets 1-1 at 4, 13, 21 (containing no spelling errors).

After conducting a de novo review of Dockets 37-1, 37-2, and 37-3, the court agrees with Magistrate Judge Simko's finding that Dockets 37-1, 37-2, and 37-3 are forged or fraudulent documents. Rule 11 states that by submitting a document to the court, "an attorney or **unrepresented party** certifies that to the best of the person's knowledge, information, and belief . . . [the document] is not being presented for any improper purpose . . . [and that] the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b)(1), (3) (emphasis added). The court agrees with Magistrate Judge Simko that Rindahl knew that the documents were forged and that Rindahl fabricated this evidence.

Furthermore, the court finds that Rindahl's fraudulent documents are a fraud on the court. A finding that a party has committed fraud on the court must be supported by clear and convincing evidence. *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir. 1976). The court finds that clear and convincing evidence supports the finding that Rindahl has committed fraud on the court by creating and submitting fabricated evidence. Thus, the court agrees with the Report and Recommendation that Rindahl's conduct violates Rule 11. To the extent that Rindahl objects to Magistrate Judge Simko's factual findings that he committed fraud on the court, those objections are overruled.

B.  **Rule 11 Sanctions**

As a sanction under Rule 11, and as an alternative for dismissing Rindahl's complaint for failure to make the necessary showing under § 1915(g) in order to proceed IFP, Magistrate Judge Simko found that dismissal of

Rindahl's complaint with prejudice would be an appropriate sanction. Magistrate Judge Simko further recommended that if Rindahl ever files another state or federal action anywhere in the United States, he should be required to file the Report and Recommendation and the district court's opinion with his complaint or other initial filing. Rindahl objects to these sanctions and argues that Magistrate Judge Simko violated Rule 11(c)(2). Docket 53 at 1.

Rule 11(c)(2) discusses when a party can make a motion for sanctions: "A motion for sanctions must be made separately from any other motion . . . ." While it appears that defendants requested monetary sanctions pursuant to Rule 11 at the show cause hearing, the Report and Recommendation does not cite Rule 11(c)(2) as grounds for imposing sanctions. Instead, Rule 11(c)(3) allows the court "[o]n the court's initiative" to impose sanctions for a Rule 11 violation. *See* Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."). Magistrate Judge Simko notified Rindahl that the court would hold a show cause hearing to determine the authenticity of Dockets 37-1, 37-2, and 37-3 and "whether Rule 11 Sanctions should be imposed." Docket 37 at 2. Thus, Magistrate Judge Simko followed the Rule 11(c)(3) procedure for ordering Rindahl to show cause why sanctions should not be imposed for submitting fraudulent documents to the court.

As a sanction, Magistrate Judge Simko recommended that this court dismiss Rindahl's complaint with prejudice. "When a litigant's conduct abuses the judicial process, the Supreme Court has recognized dismissal of a lawsuit to

be a remedy within the inherent power of the court." *See, e.g., Pope v. Fed. Express Corp.*, 974 F.2d 982, 984 (8th Cir. 1992) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)).

Fraud is an abuse of the judicial process. *See, e.g., In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d at 195 (reasoning that "[a] finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself, such as . . . fabrication of evidence . . . ."). Moreover, because Rindahl has engaged in fraud in other actions and has been notified that fraudulent conduct may result in sanctions, *see Rindahl v. Daugaard et al.*, Civ. 11-4086 (D.S.D. 2011), Docket 35 at 6-8 (finding that Rindahl submitted a false or forged affidavit but declining to recommend Rule 11 sanctions because defendants did not contest the affidavit), the Rule 11 sanctions should not be a surprise to him. The court agrees with Magistrate Judge Simko's recommendation to dismiss Rindahl's complaint with prejudice as a Rule 11 sanction. The court further holds that Rindahl's motion to amend his complaint with prejudice to add new defendants (Docket 29) is denied because the underlying facts are based on Rindahl's fabricated evidence.

Defendants requested monetary sanctions at the show cause hearing, but Magistrate Judge Simko recommended that monetary sanctions not be ordered because "Rindahl is an indigent prisoner with little prospect of ever earning any significant money." Docket 8 at 15. Instead, Magistrate Judge Simko recommended that "the District Court impose the following directive as a Rule 11 sanction upon Mr. Rindahl: if Mr. Rindahl files any new lawsuit in any state

or federal court in the United States, he must file this opinion and the district court's opinion together with his Complaint or any other initial filing." Docket 8 at 16.

Rule 11(c)(4) states that "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similar situated. The sanction may include nonmonetary directives . . . ." Rindahl has repeatedly engaged in misrepresentations to the court and submitted fabricated evidence to the court in this action and in Civ. 11-4086. The court has expended significant resources in resolving whether Rindahl submitted fabricated evidence in this action and in Civ. 11-4086. Future courts should be aware of Rindahl's past fraudulent behavior to save time and money if Rindahl should file another lawsuit. Furthermore, Rindahl does not object to the nature of the sanctions recommended by Magistrate Judge Simko. Accordingly, the court adopts Magistrate Judge Simko's recommended directive that Rindahl be required to attach a copy of the Report and Recommendation and a copy of this opinion to any future complaint or initial filing in any state or federal court within the United States. Accordingly, it is

ORDERED that the Report and Recommendation of Magistrate Judge Simko (Docket 48) is adopted in all respects.

IT IS FURTHER ORDERED that plaintiff's objections to the Report and Recommendation (Dockets 53 and 56) are overruled.

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Docket 2) is denied.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed with prejudice as a Rule 11 sanction.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Docket 3), motion for discovery (Docket 4), motion for a temporary restraining order (Docket 16), motion for a preliminary injunction (Docket 17), motion to change venue (Docket 23), and motion to amend the complaint to add new defendants (Docket 35) are denied as moot.

Dated September 29, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE