UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY RINDAHL, ) | Civ.  11-4082-KES |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DENNIS DAUGAARD, sued as Duagaard; ) | |
| TIM REISCH; ) | |
| D. WEBER; ) | |
| DARYL SLYKHUIS, sued as D. Slykhus, Deputy ) | ORDER DENYING MOTION FOR |
| Warden; ) | RECUSAL, DENYING MOTION FOR |
| O SPURRELL; ) | NEW HEARING, DENYING |
| D. YOUNG; ) | MOTION TO ENTER EVIDENCE, AND |
| T. PONTO; ) | DENYING MOTION TO APPOINT |
| C. VAN VORNE; ) | COUNSEL |
| MAJOR T. LINNIWEBER; ) | |
| MAJOR BAKER; ) | |
| CAPTAIN RODOSKY; ) | |
| K. DITTMONSON, Section Manager; ) | |
| SECTION MANAGER FANTROY; ) | |
| SBT FEDT; ) | |
| SCO WYNIA; ) | |
| SGT WYNIA; ) | |
| SCO DAVIS; ) | |
| SCO BAHR; ) | |
| SCO MORLISE; ) | |
| KAYLA S., coordinator for the South Dakota DOC ) | |
| within the Sioux Falls Prison System; ) | |
| SCO MCCLOUD; ) | |
| SECTION MANAGER WOODWORD; ) | |
| TEACHER ANDERSON, Teacher for the South ) | |
| Dakota DOC Annex Prison Law Library; ) | |
| PARALEGAL BIDNE, paralegal for the South ) | |
| Dakota DOC within Sioux Falls Prison System; ) | |
| G TAYLOR, section manager; ) | |
| K TINKER; Administration Programs Department of ) | |
| Health; ) | |
| J. SPURRELL, healthcare manager; and ) | |
| CP lARSON, sued as Correctional Personnel ) | |
| Larson; ) | |
| ) | |
| Defendants, ) | |
| ) | |
| vs. ) | |
| ) | |
| SOUTH DAKOTA ATTORNEY GENERAL'S OFFICE, ) | |
| ) | |
| Interested Party. ) | |
| ) | |

Plaintiff, Randy Rindahl, moves to recuse Chief Judge Karen Schreier and Magistrate Judge John Simko from this case. Rindahl also moves for rehearing and reconsideration of the order denying him in forma pauperis status and dismissing his case. Rindahl also moves to enter several exhibits into evidence. Finally, Rindahl seeks court-appointed counsel.

## PROCEDURAL HISTORY

Rindahl filed a 42 U.S.C. § 1983 action against defendants alleging that defendants caused various harms to him during his continued incarceration at the South Dakota State Penitentiary (SDSP). This action was initially filed by Rindahl in the Eastern District of Wisconsin, but the case was transferred to this court because venue was improper in the Eastern District of Wisconsin, but venue is proper in the District of South Dakota. Docket 19.

Rindahl moved for leave to proceed in forma pauperis (IFP). Docket 2. According to 28 U.S.C. § 1915A, the court must screen each prisoner case to determine if it should proceed IFP. This court referred the initial screening to Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Simko recommended that this court dismiss Rindahl's complaint without prejudice because Rindahl is a three-strikes litigant who failed to sufficiently allege an imminent danger of serious harm as required by 28 U.S.C. § 1915(g). The court adopted Magistrate Judge Simko's report and recommendation in full on September 29, 2011. Docket 58.

**DISCUSSION**

Rindahl is a prolific and abusive litigant. This court previously found that Rindahl had at least five strikes against him under 28 U.S.C. § 1915(g), and he has been sanctioned for his misrepresentations to the court on at least one occasion. Docket 58.

**I.     Motion for Recusal**

Rindahl asserts that Chief Judge Schreier and Magistrate Judge Simko should be recused from this case because he has filed complaints against them "in the judicial council." Specifically, Rindahl asserts that he has filed complaints to prove that the two judges made illegal name changes and posted illegal litigation case numbers in his filings.

Title 28, section 455(a) requires a judge to recuse his or herself in "any proceeding in which [his or her] impartiality might reasonably be questioned." Rindahl's motion fails because it is untimely. Any grounds for recusal must be asserted in a timely fashion. *See Oglala Sioux Tribe of Pine Ridge Indian Reservation v. Homestake Mining Co.*, 722 F.2d 1407, 1414 (8th Cir. 1983). A party cannot wait until an unfavorable judgment is issued and then seek to have the judge who issued the judgment recused. *Id.* Accordingly, Rindahl's motion to recuse Judge Schreier and Magistrate Judge Simko is denied.

**II.    Motion for New Hearing**

3

Rindahl next moves for rehearing and reconsideration of the dismissal of his case pursuant to Rule 60 of the Federal Rules of Civil Procedure. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotations and citations omitted). Rule 60(b) provides that a court may relieve a party from a final judgment and reopen his case for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence, that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

(5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rindahl asserts that he is entitled to relief because of new evidence, misconduct and misrepresentation of the court, and fraud by the court. But Rindahl makes no new arguments in support of his motion. Nor does he identify any evidence that was unavailable at the time he submitted his objections

4

to the report and recommendation. Rather, he rehashes arguments he made in his objections to Magistrate Judge Simko's report and recommendation, which objections this court considered and rejected. Nor does he identify any misconduct, misrepresentation, or fraud by the court. To support his allegations under Rule 60(b)(3), Rindahl must show, with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented him from fully and fairly prosecuting his case. *See United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006). But the findings Rindahl characterizes as misconduct, misrepresentation, or fraud by the court were addressed in his objections to the report and recommendation. Thus, Rindahl is not entitled to relief under either Rule 60(b)(2) or (3).

Nor is Rindahl entitled to relief under Rule 60(b)(6), the catchall provision. "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). "Exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as the result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994). Rindahl has not identified any exceptional circumstances. Accordingly, Rindahl is not entitled to relief under Rule 60(b) of the Federal Rules of Civil Procedure and his motion for reconsideration is denied.

5

### III.     Motion to Enter Evidence

Rindahl's third motion seeks to enter several exhibits into evidence. Because Rindahl's case was dismissed and his motion for reconsideration is denied, this motion is moot and is denied as such.

### IV.     Motion to Appoint Counsel

Rindahl also moves for the appointment of counsel to represent him. Rindahl argues he is entitled to appointed counsel because of "the private interest that will be affected" weigh in favor of court-appointed counsel and because he faces Rule 11 sanctions. Docket 63. Because Rindahl's case was dismissed and his motion for reconsideration was denied, this motion is moot and is denied as such. Therefore, it is

ORDERED that Rindahl's motion to recuse Judge Schreier and Magistrate Judge Simko (Docket 62) is denied.

IT IS FURTHER ORDERED that Rindahl's motion for a new hearing (Docket 59) is denied. Rindahl's motion to enter exhibits into evidence (Docket 61) and Rindahl's motion to appoint counsel (Docket 63) are denied as moot.

Dated February 28, 2012.

>                          BY THE COURT:
>
>                          /s/ *Karen E. Schreier*
>                          KAREN E. SCHREIER
>                          CHIEF JUDGE